**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DANIEL THOMPKINS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1108-CR-429 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1103-FD-020246

**February 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Daniel Thompkins appeals his conviction of Class A misdemeanor possession of paraphernalia. He contends that the prosecutor engaged in misconduct during closing arguments at his bench trial by using sarcasm, calling Thompkins a liar and a thief, and saying that Thompkins perjured himself. Because there was no objection at trial and this does not amount to fundamental error, we find that there was no prosecutorial misconduct. We therefore affirm.

**Facts and Procedural History**

On March 24, 2011, Indianapolis Metropolitan Police Department Officer Mark Decker was dispatched to 22 North Gray Street in Indianapolis for a domestic battery complaint. Officer Decker observed that the complaining witness, Rickee Brock, who was the mother of Thompkins' child, had redness on her neck, a scratch on the back of her neck, and a scratch on her chest. Brock informed Officer Decker that she believed Thompkins, the alleged offender, was at 2152 North Drexel Avenue. Officer Decker testified at trial that Brock did not appear to be under the influence of drugs. Tr. p. 43.

Officer Decker got on the radio and gave a description of Thompkins, his vehicle, and the address where he was believed to be. Officer Michael Roach drove to the address and saw Thompkins walking out of a house two houses down from the address given. Officer Roach spoke to Thompkins who said that he had been at home all night. Officer Roach performed a pat-down for officer safety, finding a glass crack pipe in Thompkins' front right pants pocket. The pipe had a Chore Boy or Brillo pad stuck in one end, burnt

2

ends, and burnt crack cocaine residue inside. However, Thompkins did not have any drugs on his person and did not appear to be under the influence of narcotics. *Id.* at 16.

After Officer Roach confronted him with contradictory information, Thompkins admitted that he had not spent all night at home. Thompkins then told Officer Roach that when he went to Brock's house to pick up his child, he saw Brock and some of her friends doing heroin. After they argued, Thompkins said that he took her crack pipe, put it in his pocket, and told her he was going to take it to Child Protective Services to prove her drug use in light of a custody issue they were having. The crack pipe was still in his pocket when he was later arrested.

The State charged Thompkins with Count 1: Class D felony strangulation, Count 2: Class D felony criminal confinement, Count 3: Class A misdemeanor battery, and Count 4: Class A misdemeanor possession of paraphernalia. The first three counts were later dismissed. Thompkins waived his right to a jury trial, Appellant's App. p. 28-29, and a bench trial was held on July 12, 2011.

During the State's closing arguments, the prosecutor engaged in sarcasm,[1] referred to Thompkins as a liar and a thief,[2] and claimed that Thompkins perjured himself.[3] Immediately following the closing arguments, the trial court issued its judgment, finding Thompkins guilty. The trial court judge said,

---

[1] For example, the prosecutor said about Brock's failure to appear as a witness at trial, "Shocked that she's not here, Your Honor. A domestic violence doesn't show up in court? Victim doesn't show up in court? I am shocked." Tr. p. 62.

[2] "He's a liar and a thief, Your Honor. This defendant is a liar and a thief. Okay. He lied to the cops. He lied to you on the stand today about how this happened. He's desperately trying to back track. He's a liar and a thief. That's what the record shows." Tr. p. 61.

[3] "Here's my rebuttal. He's a liar. He lied today. He perjured himself. That's the State's view of the evidence." Tr. p. 62.

Having heard the evidence the Court is going to find that the State has met its burden. I'm going to find the defendant guilty of Count IV, Possession of Paraphernalia, as an A misdemeanor. I do find the evidence – the State's evidence more persuasive than the defendant's. The credibility that the Court has to judge as far as the witnesses it hears, is strong on this case. Credibility of the officers, their testimony, far outweighs that of the defendant.

Tr. p. 62-63.

Thompkins now appeals.

## Discussion and Decision

Thompkins contends that the prosecutor engaged in prosecutorial misconduct during his closing arguments. However, trial counsel did not object to any of the alleged instances of misconduct when they occurred. Generally, in order to preserve a claim of prosecutorial misconduct for appeal, a defendant must object at trial. *Washington v. State*, 902 N.E.2d 280, 289-90 (Ind. Ct. App. 2009), *trans. denied*. Where a defendant fails to make an objection to the allegedly improper comments, he fails to preserve any claim of prosecutorial misconduct for appellate review. *Id.* at 290. However, waiver notwithstanding, a defendant may still bring a claim for prosecutorial misconduct on appeal if he asserts fundamental error. *Id.*

Fundamental error is a very narrow exception that "makes 'a fair trial impossible or constitute[s] clearly blatant violations of basic and elementary principles of due process . . . present[ing] an undeniable and substantial potential for harm.'" *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006) (quoting *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002)).

However, notably this case was not tried before a jury, but rather was tried to the bench. "[I]n criminal bench trials, we presume that the court disregard[s] inadmissible testimony and render[s] its decision solely on the basis of relevant and probative evidence." *Griffin v. State*, 698 N.E.2d 1261, 1267 (Ind. Ct. App. 1998), *trans. denied*. Further, generally valid issues such as "unfair prejudice, confusion of the issues, or potential to mislead the jury" are relevant only in jury trials. *See Ruiz v. State*, 926 N.E.2d 532, 535 (Ind. Ct. App. 2010), *trans. denied*.

Since "it is presumed that the judge disregard[s] inadmissible testimony and weigh[s] only proper evidence in determining whether the State carried its burden of proving beyond a reasonable doubt that the defendant committed the crime," *Ottman v. State*, 397 N.E.2d 273, 265 (Ind. 1979), we cannot say that the prosecutor's actions amounted to fundamental error. While the sarcasm and name-calling employed was not the most appropriate course of action for the prosecutor to take, we do not need to address the merits of this prosecutorial misconduct claim because Thompkins was not prejudiced in any way. We have faith that our trial court colleague was able to make a fair and just determination in this case based solely on the facts and was not swayed by the tone of voice or characterization of Thompkins that the prosecutor employed.

In issuing his judgment, the trial court judge explicitly said "having heard the evidence the Court is going to find that the State has met its burden. . . . Credibility of the officers, their testimony, far outweighs that of the defendant. . . . I do not believe that he was taking [the crack pipe] and trying to preserve it for another use – for CPS." Tr. p. 62-63. It is clear that the judgment was based on the presented testimony and not any of

5

the alleged inappropriate remarks and sarcasm by the prosecutor. Thompkins was not denied a fair trial, nor were his due process rights infringed; there was no fundamental error. We therefore affirm Thompkins' conviction.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.